UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| RAYMOND STEVENSON, | Civil Action No.: 2:18-CV-196 |
|---|---|
| Plaintiff, | PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR DAMAGES PURUSANT TO THE FEDERAL FAIR CREDIT REPORTING ACT |
| vs. | |
| VERIZON WIRELESS SERVICES LLC, | DEMAND FOR JURY TRIAL |
| Defendant | |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Raymond Stevenson (hereinafter Plaintiff) files this Original Petition and for cause of action will show the following:

**PARTIES**

1. Plaintiff Raymond Stevenson maintains a residence in the State of Washington in Lincoln County.

2. Defendant VERIZON WIRELESS SERVICES LLC (hereinafter Defendant or "Verizon") is, upon information and belief, a Delaware limited liability company whose registered agent is C T Corporation System, 711 Capitol Way S, Ste. 204, Olympia, WA 98501.

**JURISDICTION**

3. The court has general jurisdiction, and in the alternative specific jurisdiction, over Defendant because, upon information and belief, (1) it has routinely and purposefully done business in the State of Washington, (2) it committed a tort in whole or in part in Washington against a Washington resident and/or (3) its minimum contacts with the State of Washington are sufficient that substantial justice and fair play allow federal courts in Washington to exercise jurisdiction over it.

4. The Plaintiff is not currently seeking a total of more than the sum or value of $75,000.00, exclusive of interest and costs.

**VENUE**

5. Venue is proper in the Western District of Washington. Specifically, venue is mandatory in the Western District of Washington because it is the county where all or a substantial part of the events or omissions giving rise to the claims occurred.

**FACTUAL ALLEGATIONS**

6. In December of 2016, Verizon presented Plaintiff with a bill for $2,020.89. This amount did not reflect amounts contractually owed by Plaintiff to Verizon. Approximately $500 of the stated amount due was for charges falsely and mistakenly entered onto Plaintiff's account.

7. Plaintiff spent several months thereafter disputing the charges with Verizon, during which time Verizon reported the account as past due to credit bureaus.

8. Verizon ultimately agreed that the amounts in question were not owed by Plaintiff and agreed to make a "trade line deletion" on Plaintiff's credit report. Verizon advised Plaintiff that after the trade line deletion, his credit score would return to *status quo ante*.

9.  On or around October 12, 2017, instead of making the agreed-to "trade line deletion," Verizon filed amendments with all of the major credit bureaus, reporting the account as a "paid collection account." According to communications between Verizon and Plaintiff, later the same day, Verizon alleges that they reported to the credit bureaus that Mr. Stevenson's Verizon account should be deleted from his credit report.

10. Despite their agreement with Plaintiff, Verizon continued to report the amount owed as a "paid collection account."

11. Prior to this false credit reporting, Plaintiff's credit score was in the 700s. For example, in April of 2016, Plaintiff's credit score was 735, as shown below.

```
CONSUMER STATEMENT-REPT:08/2014 PURGE:08/2021
FRAUD VICTIM. "EXTENDED ALERT". CONSUMER HAS REQUESTED AN ALERT
BE PLACED ON THEIR CREDIT FILE. DAYTIME 5097073774 EX-00000


FACTA BEACON 5.0  SCORE:     00735                    00014/00008/00005/00010
Length of time accounts have been established
```

12. In November 2017, after Verizon's false credit reporting, Plaintiff's credit score had fallen to 635, as shown below.

```
FACTA BEACON 5.0  SCORE:     00653                    00039/00014/00010/00013
                                  ---
-------------------------------------------------------------------------------
VERIZON    401UT01469 O5 10/17      2020      0 11/16 01
I/97267859400001           05/13     0         0
   ER,PAID COLLECTION
   JR,TELECOMMUNICATIONS/CELLULAR

   OPEN TOTALS                      2020
-------------------------------------------------------------------------------
```

13. Plaintiff's credit score remains artificially depressed. A credit report generated on or about January 18, 2018, excerpted below, shows that Plaintiff's credit score was 646.

```
FACTA BEACON 5.0  SCORE:     00645
```

```
--------------------------------------------------------------------
VERIZON    401UT01469  O5 10/17        2020       0 11/16 01
I/97267859400001          05/13      0       0
  ER, PAID COLLECTION
  JR, TELECOMMUNICATIONS/CELLULAR

   OPEN TOTALS                        2020

--------------------------------------------------------------------
```

14. On information and belief, the primary cause of the deflation in Plaintiff's credit score is Verizon's "paid collection" status.

15. Plaintiff's undeservedly low credit score has caused Plaintiff actual harm, including denials of loans, reduction of previously extended credit lines and other demonstrable harm.

16. Despite the repeated requests by Plaintiff and Plaintiff's attorney, Verizon continually failed to request a trade line deletion on Plaintiff's credit report as promised. Verizon recently sent a letter dated 4.18.18 purporting to have finally deleted the trade lines. However, the Plaintiff has already suffered damages.

17. The Plaintiff suffered actual damages as a result of Defendant's actions. The Plaintiff is also entitled to recover attorneys' fees and costs.

**CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF
15 U.S.C. §1681, 15 U.S.C. §1681e(b) AND 15 U.S.C. §1681i(a)(1) et seq.
AGAINST VERIZON WIRELESS SERVICES LLC FOR CIVIL LIABILITY FOR
WILLFUL NON-COMPLIANCE OF THE FAIR CREDIT REPORTING ACT**

18. The averments contained in paragraphs 1 through 17 above are incorporated by reference as if set forth in their entirety.

19. This action is based upon negligent violation of 15 U.S.C. §1681, 15 U.S.C. §1681e(b), 15 U.S.C. §1681i(a)(1) *et seq.*, more commonly referred to as the Fair Credit Reporting Act for Civil Liability for Negligent Non-Compliance.

20. This action arises from Verizon's failure to conduct a good faith re-investigation regarding credit information reported by an entity or an individual which is unknown to the Plaintiff, upon notice of dispute by Plaintiff and after having received and/or its failure to receive a completed or accurately completed Consumer Dispute Verification Form from the reporting entity and the failure to take those measures reasonably necessary and required under 15 U.S.C. §1681i(a)(1)(A), (3)(C), (4), (5)(A, C) and (6)(A) and (B).

21. Verizon negligently employed, adopted and used reporting and investigating techniques, policies and procedures and failed to properly and timely re-investigate and satisfy its statutory duties as set forth in the above paragraphs, which resulted in the continued negligent furnishing and reported on a repeated basis of false, incomplete, erroneous, adverse and unverifiable information of and concerning Plaintiff's credit reporting regarding the Plaintiff, including the negligent reporting of Plaintiff's accounts as "paid collection" accounts.

22. The aforesaid negligent false, incomplete, inaccurate, erroneous and unverifiable and adverse reporting or credit information of and concerning Plaintiff, regarding information noted in the Plaintiff's credit report and the failure of Verizon to take those remedial measures necessary and foreseeable to re-investigate and correct the negative, inaccurate, incomplete, erroneous, adverse and/or unverifiable adverse credit information reported by the public entity and Plaintiff's dispute of the credit reporting, evidence negligent acts and omissions by Verizon. The continued negligent reporting of the negative, inaccurate, incomplete, erroneous adverse and/or unverifiable credit information were in violation of Verizon's statutory duties, obligations and requirements and were the product of Verizon's negligent reporting policies, procedures and techniques. These failures, acts, conduct and omissions were not justified on the facts which

were known or should have been known to Verizon and evidence a negligent disregard to the consequence of its actions, omissions, policies, procedures and techniques regarding re-investigation.

23.   Verizon negligently adopted, employed, used and continued to adopt, employ and use credit reporting techniques, policies and procedures which it knew or should have known to be deficient and negligent as to the accuracy of information reported and negligently failed to follow reasonable procedures to assure maximum possible accuracy of credit information reported upon re-investigation, including the negligent failure to re-verify adverse credit information in subsequent credit reports.

24.   Upon re-investigation, Verizon negligently conducted a re-investigation and negligently continued to gather, assemble, edit, publish, circulate and distribute adverse, erroneous, incomplete and adverse credit information of and concerning the Plaintiff. The foregoing has been and continues to be in negligent disregard as to the falsity of the contents, allegations and statements contained or omitted in Plaintiff's credit reports and credit files and is in negligent disregard to the consequence of the information reported or omitted and to the effects and consequences thereof to Plaintiff.

25.   As a direct result of Verizon's negligent non-compliance with its duties, obligations and requirements under the Fair Credit Reporting Act as stated above, Plaintiff has suffered and sustained damages and has a private cause of action against Verizon pursuant to 15 U.S.C. §1681 and 15 U.S.C. §1681i(a)(1) et. seq.  The nature and extent of Plaintiff's damages are:

    (a)   Injury and damage to Plaintiff for embarrassment, humiliation, suffering, mental pain and anguish, all of which were foreseeable:

(b) Injury and damage to Plaintiff's financial mobility, credit rating and credit worthiness, all of which were foreseeable; and

(c) Inability to obtain credit for financing, credit cards and the purchase of other goods and services under credit, all of which were foreseeable.

27. Plaintiff has retained the undersigned attorneys to represent his interests in this matter and Plaintiff is entitled to attorney's fees pursuant to 15 U.S.C. §1681o.

**CAUSE OF ACTION FOR WILLFUL VIOLATION OF 15 U.S.C. §1681, 15 U.S.C. §1681e(b) AND 15 U.S.C. §1681i(a)(1) et seq. AGAINST VERIZON FOR CIVIL LIABILITY FOR WILLFUL NON-COMPLIANCE.**

28. The averments contained in paragraphs 1 through 17 above are incorporated by reference as if set forth in their entirety.

29. This action is based upon willful violation of 15 U.S.C. §1681o, 15 U.S.C. §1681i(a)(1) et seq., more commonly referred to as the Fair Credit Reporting Act for Civil Liability for Negligent Non-Compliance.

30. This action arises from Verizon's willful failure to conduct a good faith re-investigation regarding credit information after dispute. Verizon's willful failure to take those measures reasonably necessary and required under 15 U.S.C. §1681i(a)(1 )(A), (2), (3)(C), (4), (5)(A) and (6)(A) and (B).

31. Verizon willfully conducted an improper statutory re-investigation of Plaintiff's dispute of credit information reported by the public entity by:

a. Willfully failing to follow reasonable procedures to assure maximum possible accuracy of credit information reported upon re-investigation and notice by Plaintiff;

PLAINTIFF'S ORIGINAL COMPLAINT

WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
(541) 359-2827

7

     b.    Willfully failing to follow reasonable procedures to assure maximum possible accuracy of credit information reported;

     c.    Willfully failing to request a deletion of its reporting after an improper statutory re-investigation;

     d.    Willfully failing to delete the items of information reported on Plaintiff's consumer's files and credit reports upon re-investigation of the Plaintiff's files where the item and information is found to be inaccurate, incomplete or cannot be verified;

     e.    Willfully failing to adopt, implement and enforce reasonable procedures to assure maximum possible accuracy of information reported upon re-investigation.

32. Verizon willfully adopted and used reporting and re-investigation techniques, policies and procedures that resulted in the willful furnishing and negligent reporting on a repeated bases of false, incomplete, inaccurate, erroneous, adverse and unverifiable information of and concerning Plaintiff's credit history and credit worthiness, notwithstanding having actual knowledge of Plaintiff's dispute of the public record information.

33. Verizon willfully employed, adopted and used reporting and investigating techniques, policies and procedures and failed to properly and timely re-investigate and satisfy its statutory duties as set forth above, which resulted in the continued willful furnishing and reported on a repeated basis of false, incomplete, erroneous, adverse and unverifiable information of and concerning Plaintiff's credit reporting regarding the Plaintiff.

34. The aforesaid willful false, incomplete, inaccurate, erroneous and unverifiable and adverse reporting or credit information of and concerning Plaintiff and the failure of Verizon to

PLAINTIFF'S ORIGINAL COMPLAINT

WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
(541) 359-2827

take those remedial measures necessary and foreseeable to re-investigate and correct the negative, inaccurate, incomplete, erroneous, adverse and/or unverifiable adverse credit information reported by the public entity and Plaintiff's dispute of the credit reporting, evidence willful acts and omissions by Verizon. The continued willful reporting of the negative, inaccurate, incomplete, erroneous adverse and/or unverifiable credit information were in violation of Verizon's statutory duties, obligations and requirements and were the product of Verizon's willful reporting policies, procedures and techniques. These failures, acts, conduct and omissions were not justified on the facts which were known or should have been known to Verizon and evidence a willful disregard to the consequence of its actions, omissions, policies, procedures and techniques regarding re-investigation. The repeated reporting and publication upon re-investigation of the disputed reported public record information and the failure to place in Plaintiff's credit files and credit reports her written dispute of the public record information constitute willful re-investigation and reporting of false, inaccurate and incomplete credit information of and concerning the Plaintiff and Verizon's reporting the public record information in willful disregard and indifference to the truth or falsity of the credit information reported or omitted.

35.    Verizon willfully adopted, employed, used and continued to adopt, employ and use credit reporting techniques, policies and procedures which it knew or should have known to be deficient and negligent as to the accuracy of information reported and willfully failed to follow reasonable procedures to assure maximum possible accuracy of credit information reported upon re-investigation, including the willful failure to re-verify adverse credit information in subsequent credit reports.

PLAINTIFF'S ORIGINAL COMPLAINT

WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
(541) 359-2827

36.     Verizon willfully continued to report the public record information, notwithstanding actual or constructive knowledge of the underlying facts, events and occurrences and willfully failed to comply with statutory requirements. The forgoing has caused and continues to cause Plaintiff extreme and continuing humiliation, pain, embarrassment, injury and financial and credit immobility.

37.     Upon re-investigation, Verizon willfully conducted a re-investigation and willfully continued to gather, assemble, edit, publish, circulate and distribute adverse, erroneous, incomplete and adverse credit information of and concerning the Plaintiff. The foregoing has been and continues to be in willful disregard as to the falsity of the contents, allegations and statements contained or omitted in Plaintiff's credit reports and credit files as prepared, generated and maintained by Verizon and is in willful disregard to the consequence of the information reported or omitted and to the effects and consequences thereof to Plaintiff.  Verizon's willful re-investigation and willful disregard to the truth, falsity, accuracy and completeness of information reported by it evidences the willful manner in which it conducts, performs, carries out and protects its business, business interests and operations.

38.     As a direct result of Verizon's willful non-compliance with its duties, obligations and requirements under the Fair Credit Reporting Act as stated above, Plaintiff has suffered and sustained damages and has a private cause of action against Verizon pursuant to 15 U.S.C. §1681o and 15 U.S.C. §1681i(a)(1) et. seq. The nature and extent of Plaintiff's damages are:

    a.     Injury and damage to Plaintiff for embarrassment, humiliation, suffering, mental pain and anguish, all of which were foreseeable:

  b. Injury and damage to Plaintiff's financial mobility, credit rating and credit worthiness, all of which were foreseeable; and

  c. Inability to obtain credit for financing, credit cards and the purchase of other goods and services under credit, all of which were foreseeable; and

  d. Punitive damages.

39. Plaintiff has retained the undersigned attorneys to represent her interests in this matter and is obligated to pay said attorneys a reasonable fee for services rendered. Plaintiff is entitled to attorney's fees pursuant to 15 U.S.C. §1681o.

## PRAYER FOR RELIEF

40. For these reasons, Plaintiff prays that the Defendant be cited to appear and answer herein, and that Plaintiff have judgment for damages within the jurisdictional limits of the court and against Defendant for:

  i. actual damages;

  ii. statutory damages;

  iii. pre-judgment and post-judgment interest at the highest legal rate;

  iv. legally-available reasonable and necessary attorneys' fees;

  v. costs; and

  vi. all other relief, general and special, legal and equitable, to which Plaintiff is entitled.

**<u>PLAINTIFF HEREBY MAKES HIS DEMAND FOR JURY TRIAL</u>**

Dated this 15th day of June, 2018.

PLAINTIFF'S ORIGINAL COMPLAINT

WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
(541) 359-2827

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Respectfully submitted,

s/ Bonner C. Walsh
Bonner C. Walsh
WSBA # 48915
WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
bonner@walshpllc.com
TEL  (541) 359-2827
FAX (866) 503-8206